# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD BENJAMIN, | 1:11-cv-01263-DLB (HC) |
| Petitioner, | |
| v. | ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED |
| KEN CLARK, | [Doc. 1] |
| Respondent. | |

Petitioner is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner filed the instant petition for writ of habeas corpus on July 21, 2011. Petitioner challenges the sufficiency of the evidence to support Board of Parole Hearings' August 3, 2009, decision finding him unsuitable for release.

## DISCUSSION

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing 2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990). A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

Where a petitioner files his federal habeas petition after the effective date of the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), he can prevail only if he can show that the state court's adjudication of his claim:

>  (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
>  (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). "Federal habeas relief may not be granted for claims subject to § 2254(d) unless it is shown that the earlier state court's decision "was contrary to" federal law then clearly established in the holdings of [the Supreme] Court." Harrington v. Richter, __ U.S. __, 131 S.Ct. 770, 785 (2011) (citing 28 U.S.C. § 2254(d)(1) and Williams v. Taylor, 539 U.S. 362, 412 (2000). Habeas relief is also available if the state court's decision "involved an unreasonable application" of clearly established federal law, or "was based on an unreasonable determination of the facts" in light of the record before the state court. Richter, 131 S.Ct. 785 (citing 28 U.S.C. § 2254(d)(1), (d)(2)). "[C]learly established ... as determined by" the Supreme Court "refers to the holdings, as opposed to the dicta, of th[at] Court's decisions as of the time of the relevant state-court decision." Williams v. Taylor, 529 U.S. at 412.

The Federal Constitution does not create a right to be conditionally released prior to the expiration of a valid sentence. However, "a state's statutory scheme, if it uses mandatory language, 'creates a presumption that parole release will be granted' when or unless certain designated findings are made, and thereby gives rise to a constitutional liberty interest." Greenholtz v. Inmates of Neb. Penal, 442 U.S. 1, 12 (1979). California's parole statutes allow for release on parole unless there is "some evidence" of the inmates current dangerousness. In re Lawrence, 44 Cal.4th 1181, 1205-1206 (2008). In Swarthout v. Cooke, 131 S.Ct. 859 (2011) the United States Supreme Court held that "[n]o opinion of [theirs] supports converting California's 'some evidence' rule into a substantive federal requirement." Swarthout, 131 S.Ct at 862. Therefore, federal courts are precluded from reviewing the sufficiency of the evidence to support the parole board's decision. Id. Rather, this Court review of parole determinations is limited to

1 whether the "minimal" procedural protections set forth in Greenholtz were meet, that is "an
2 opportunity to be heard and a statement of the reasons why parole was denied." Id. at 862.
3      In light of the Supreme Court's holding in Swarthout, Petitioner's challenges to the
4 sufficiency of the evidence to support the parole board's decision are not cognizable under 28
5 U.S.C. § 2254.  Therefore, unless Petitioner can show that he was not afforded the "minimal"
6 due process protections set forth in Greenholtz, there is no cognizable challenge to the parole
7 decision.  In order for this Court to determine the validity of any procedural challenge, Petitioner
8 is directed to submit a copy of the transcript of challenged hearing.
9      Based on the foregoing, it is HEREBY ORDERED that:
10     1. Within thirty (30) days from the date of service of this order, Petitioner shall
11        show cause why the petition should not be dismissed;
12     2. Petitioner shall submit a copy of the transcript of the parole hearing; and
13     3. Failure to comply with this order will result in a recommendation to dismiss the
14        instant petition for failure to comply with a court order. Local Rule 110.
15
16 IT IS SO ORDERED.
17 **Dated:**   **August 24, 2011**            **/s/ Dennis L. Beck**
                                                    UNITED STATES MAGISTRATE JUDGE