# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD BENJAMIN, | 1:11-cv-01263-DLB (HC) |
| Petitioner, | ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, DIRECTING CLERK OF COURT TO TERMINATE ACTION, AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY |
| v. | |
| KEN CLARK, | [Doc. 1] |
| Respondent. | |

Petitioner is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 636(c)(1), Petitioner has consented to the jurisdiction of the United States Magistrate Judge. Local Rule 305(b).

Petitioner filed the instant petition for writ of habeas corpus on August 1, 2011. On August 24, 2011, the Court issued an order to show cause why the petition should not be dismissed for lack of jurisdiction. Petitioner filed a response on September 19, 2011.

Petitioner challenges the Board of Parole Hearings' 2009 decision finding him unsuitable for release. As stated in the order to show cause, in Swarthout v. Cooke, 131 S.Ct. 859 (2011) the United States Supreme Court held that "[n]o opinion of [theirs] supports converting California's 'some evidence' rule into a substantive federal requirement." Swarthout, 131 S.Ct at 862. Therefore, federal courts are precluded from reviewing the sufficiency of the evidence to support the parole board's decision. Id. Rather, this Court review of parole determinations is limited to whether the "minimal" procedural protections set forth in Greenholtz were meet, that

is "an opportunity to be heard and a statement of the reasons why parole was denied." Id. at 862.

In light of the Supreme Court's holding in Swarthout, Petitioner's challenges to the sufficiency of the evidence to support the parole board's decision are not cognizable under 28 U.S.C. § 2254. Review of the instant case reveals Petitioner was present at his parole hearing, was given an opportunity to be heard, and was provided a statement of reasons for the parole board's decision. (See ECF No. 8, at pp. 19-103.[1]) Per the Supreme Court, this is "the beginning and the end of the federal habeas courts' inquiry into whether [the prisoner] received due process." Swarthout, 131 S.Ct. at 862. "The Constitution does not require more [process]." Greenholtz, 442 U.S. at 16.

Petitioner contends that the Board's decision to deny him parole violated the principles set forth in Cunningham v. California, 549 U.S. 270 (2007), and its progeny. Petitioner is mistaken. Cunningham held that aside for a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt. Cunningham, 549 U.S. at 288-89. Because Petitioner was sentenced to an indeterminate life term, any decision by the Board to deny Petitioner parole does not actually increase his sentence. The determination by the Board is simply that Petitioner is not yet eligible for parole and his sentence must continue. Accordingly, the principle pronounced in Cunningham and its progeny is not applicable, and Petitioner is not entitled to any relief. Therefore, the instant petition does not present cognizable claims for relief and should be denied.

## ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. The instant petition for writ of habeas corpus is DISMISSED;
2. The Clerk of Court is directed to terminate this action; and
3. The Court declines to issue a certificate of appealability. The Court finds that reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of

---

[1] The pagination is referenced to the numbers as reflected in the Court's Case Management Electronic Filing system.

encouragement to proceed further.  Petitioner has not made the required substantial showing of the denial of a constitutional right.

IT IS SO ORDERED.

Dated: __September 22, 2011__                    _____/s/ Dennis L. Beck_____
                                            UNITED STATES MAGISTRATE JUDGE