1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9   RICHARD BENJAMIN,                         1:11-cv-01263-DLB (HC)

10                       Petitioner,          ORDER DISMISSING PETITION FOR WRIT
                                              OF HABEAS CORPUS, DIRECTING CLERK
11          v.                                OF COURT TO TERMINATE ACTION, AND
                                              DECLINING TO ISSUE A CERTIFICATE OF
12                                            APPEALABILITY
     KEN CLARK,
13                                            [Doc. 1]
                         Respondent.
14   _____/

15

16          Petitioner is proceeding pro se with a petition for writ of habeas corpus pursuant to 28

17   U.S.C. § 2254.  Pursuant to 28 U.S.C. § 636(c)(1), Petitioner has consented to the jurisdiction of

18   the United States Magistrate Judge.  Local Rule 305(b).

          Petitioner filed the instant petition for writ of habeas corpus on August 1, 2011.  On
19
     August 24, 2011, the Court issued an order to show cause why the petition should not be
20
     dismissed for lack of jurisdiction.  Petitioner filed a response on September 19, 2011.
21
          Petitioner challenges the Board of Parole Hearings' 2009 decision finding him unsuitable
22
     for release.  As stated in the order to show cause, in Swarthout v. Cooke, 131 S.Ct. 859 (2011)
23
     the United States Supreme Court held that "[n]o opinion of [theirs] supports converting
24
     California's 'some evidence' rule into a substantive federal requirement."  Swarthout, 131 S.Ct at
25
     862.  Therefore, federal courts are precluded from reviewing the sufficiency of the evidence to
26
     support the parole board's decision.  Id.  Rather, this Court review of parole determinations is
27
     limited to whether the "minimal" procedural protections set forth in Greenholtz were meet, that
28

1

1    is "an opportunity to be heard and a statement of the reasons why parole was denied." Id. at 862.

2        In light of the Supreme Court's holding in Swarthout, Petitioner's challenges to the

3    sufficiency of the evidence to support the parole board's decision are not cognizable under 28

4    U.S.C. § 2254.  Review of the instant case reveals Petitioner was present at his parole hearing,

5    was given an opportunity to be heard, and was provided a statement of reasons for the parole

6    board's decision. (See ECF No. 8, at pp. 19-103.[1])  Per the Supreme Court, this is "the beginning

7    and the end of the federal habeas courts' inquiry into whether [the prisoner] received due

8    process." Swarthout, 131 S.Ct. at 862.  "The Constitution does not require more [process]."

9    Greenholtz, 442 U.S. at 16.

10       Petitioner contends that the Board's decision to deny him parole violated the principles

11   set forth in Cunningham v. California, 549 U.S. 270 (2007), and its progeny.  Petitioner is

12   mistaken.  Cunningham held that aside for a prior conviction, any fact that increases the penalty

13   for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved

14   beyond a reasonable doubt.  Cunningham, 549 U.S. at 288-89.  Because Petitioner was sentenced

15   to an indeterminate life term, any decision by the Board to deny Petitioner parole does not

16   actually increase his sentence.  The determination by the Board is simply that Petitioner is not yet

17   eligible for parole and his sentence must continue.  Accordingly, the principle pronounced in

18   Cunningham and its progeny is not applicable, and Petitioner is not entitled to any relief.

19   Therefore, the instant petition does not present cognizable claims for relief and should be denied.

20                                            ORDER

21       Based on the foregoing, it is HEREBY ORDERED that:

22       1.    The instant petition for writ of habeas corpus is DISMISSED;

23       2.    The Clerk of Court is directed to terminate this action; and

24       3.    The Court declines to issue a certificate of appealability.  The Court finds that

25             reasonable jurists would not find the Court's determination that Petitioner is not

26             entitled to federal habeas corpus relief debatable, wrong, or deserving of

27   _____

28       [1] The pagination is referenced to the numbers as reflected in the Court's Case Management Electronic
     Filing system.

encouragement to proceed further.  Petitioner has not made the required substantial showing of the denial of a constitutional right.

IT IS SO ORDERED.

Dated:    **September 22, 2011**                         **/s/ Dennis L. Beck**
                                                    UNITED STATES MAGISTRATE JUDGE